UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No: 1:24-CR-261 |
| | : | |
| v. | : | (Judge Julia K. Munley) |
| | : | |
| ESTER N. MBAYA, | : | |
| | : | Electronically Filed |

### GOVERNMENT'S SENTENCING MEMORANDUM

The Sentencing Guidelines are the lodestar of federal sentencing proceedings. *Molina-Martinez v. United States*, 578 U.S. 189, 200 (2016). They inform and instruct the district court's determination of what is an appropriate sentence. *Id.* As a result of the significance of the Sentencing Guidelines, proper sentencing procedure is a three-step process. First, the district court must decide the guideline range. *Gall v. United States*, 552 U.S. 38, 50 (2007); *United States v. Boney*, 769 F.3d 153, 159 (3d Cir. 2014). Second, the court must resolve any requested departures from the sentencing guidelines. *United States v. Wise*, 515 F.3d 207, 216 (3d Cir. 2008); *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). Finally, the sentencing judge is required to fashion a sentence after making an individualized assessment of the defendant

and considering all of the 18 U.S.C. § 3553(a) factors. *Gall*, 552 U.S. at 50; *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006).

    A.    Step One - Sentencing Guidelines

The Presentence Report found an offense level of 22 and criminal history category of I. Doc. 19, ¶59. As a result, Ester N. Mbaya's sentencing guideline range is 41-51 months. *Id.* Within this calculation, the U.S. Probation Office applied a two-level adjustment for abuse of a position of trust pursuant to U.S.S.G. §3B1.3. Doc. 19, §31. The defense objects to the adjustment. If the Court sustains the defense objection, the total offense level will change from 22 to 20 and her sentencing guideline range will change to 33-41 months.

The Third Circuit has provided a test to determine whether the abuse of trust adjustment applies. *United States v. Laird*, 67 F.4th 140, 143 (3d Cir. 2023); *United States v. Douglas*, 885 F.4th 124, 129 (3d Cir. 2018)(en banc). First, a court must determine whether a defendant occupied a position of trust. *Laird*, 67 F.4th at 143 (*citing Douglas*, 885 F.4th at 130). Second, a court must determine whether a defendant's abuse of the position of trust significantly facilitated the offense. *Id.*

With respect to the first, a defendant occupies a position of trust where the defendant "had the power to make decisions substantially free from supervision based on (1) a fiduciary or fiduciary-like relationship, or (2) an authoritative status that would lead [her] actions or judgment to be presumptively accepted." *Id.* A position of trust has been characterized by the Guideline Application Notes as someone with "substantial discretionary judgment that is ordinarily given considerable deference." USSG §3B1.3 cmt n. 1.

The second question is whether the defendant abused the position of trust and that position "significantly facilitated the commission or concealment of the crime." *Douglas*, 885 F.4th at 133. The Third Circuit summarized the approach a court should take when deciding if a defendant has abused trust warranting the upward adjustment:

> [C]ourts should consider, among other things, whether the defendant's position allowed him to commit a difficult-to-detect wrong, and the defendant's authority vis-à-vis the object of the wrongful act. Courts may also consider whether the victim relied on the defendant's integrity, such that the victim became a more susceptible target for the defendant. Courts need not find all of the *Pardo* factors satisfied before concluding that the enhancement applies. At the same time, however, courts should not impose the enhancement if the defendant's status provided merely some assistance. The text of the Guideline makes clear that the defendant must

abuse his position in a manner that significantly facilitated the commission or concealment of the offense.

*Douglas*, 185 F.4th at 133.

Courts have found that an abuse of trust adjustment applies in a variety of circumstances, including the following: a co-owner and principal of a mortgage company that acted as a middleman between borrowers and lenders who abused the position as lender-preferred broker to pull off scam for years, *United States v. Malley*, 495 F.App'x 239, 245 (3d Cir. 2012)(not precedential), a president and sole director of a charity who exercised absolute control over the organization to conceal his fraud, *United States v. Bennett*, 161 F.3d 171, 194-96 (3rd Cir. 1998), a senior quality control analyst who was responsible for reconciling accounts abused the position to embezzle from her employer for nearly a decade, *United States v. Wright*, 452 F. App'x 208, 211 (3rd Cir. 2011), a Department of Defense contractor who was entrusted by the department to self-certify compliance who perpetrated the fraud in part by falsely certifying records, *United States v. Glymph*, 96 F.3d 722, 727-28 (4th Cir. 1996), a director of a residential facility for the mentally disabled and entrusted with government funds for their benefit who committed the fraud by submitting false claims, *United States v.*

4

*Wright*, 160 F.3d 905, 911 (2d Cir. 1998), a physician who falsified medical records on which insurance companies relied abused a position of trust, *United States v. Sherman*, 160 F.3d 967 (3d Cir. 1998), and a home health-care aide who defrauded an elderly employer who relied on the defendant's "integrity for protection against loss occasioned by the crime," *United States v. Thomas*, 315 F.3d 190, 204-05 (3d Cir. 2002) *abrogated on other grounds by Loughrin v. United States,* 134 S.Ct. 2384 (2014).

In the present case, the facts are essentially undisputed. Cool Waters was a licensed home care agency at all times relevant to the conduct. Mbaya was the CEO of that licensed business. Mbaya's position as CEO gave her unfettered access to the electronic visit verification system, a system used by the Medicaid program to monitor against fraud. Mbaya manipulated the system to perpetrate the fraud, which only came to light after Mbaya sold the business to a third party.

### B.   Step Two – Departures

There are no outstanding motions for downward departure.

## C.   Step Three – Balancing of Section 3553(a) Factors

The final step in the sentencing process is the balancing of the section 3553(a) factors. These factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed -
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established ...

(5) any pertinent policy statement ...

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. §3553(a).

During the third stage of the sentencing proceeding, the district court is required to not only balance these factors but to create a sufficient record for an appeals court to have confidence that it has considered these factors. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009). While the record does not have to address every possible argument, "a colorable argument about the applicability of one of the §3553(a) factors" should be addressed. *United States v. Merced*, 603 F.3d 203, 215 (3d Cir. 2010). The government will address the 3553(a) factors at the sentencing proceeding.

### III. CONCLUSION

     For the foregoing reasons, the government requests that the Court consider the above referenced legal authority and argument when fashioning a sentence for the defendant.

                                    Respectfully submitted,

                                    JOHN C. GURGANUS
                                    Acting United States Attorney

Dated: February 20, 2025        /s/ Michael A. Consiglio
                                    Michael A. Consiglio
                                    Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No: 1:24-CR-261 |
| | : | |
| v. | : | (Judge Julia K. Munley) |
| | : | |
| ESTER N. MBAYA, | : | |
| | : | Electronically Filed |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers. That on February 20, 2025, he served a copy of the attached

## GOVERNMENT'S SENTENCING MEMORANDUM

by electronic means at the addresses stated below.

Addressee:

Joel Benecke, Esquire
joel@benlathlaw.com

Dated: February 20, 2025              s/Michael A. Consiglio
                                      MICHAEL A. CONSIGLIO
                                      Assistant United States Attorney