IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 1:24cr261 |
| | : | (Judge Munley) |
| v. | : | |
| ESTER MBAYA, Defendant | : | |

## MEMORANDUM

Before the court is Defendant Ester Mbaya's *pro se* motion for reduction in sentence pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (Doc. 39). Defendant seeks release due to ongoing medical issues and purported lack of treatment by the Bureau of Prisons ("BOP"). Id. This matter is ripe for disposition.

**Background**

Defendant is incarcerated at FPC-Alderson in Alderson, West Virginia. (Doc. 40). Prior to being in West Virginia, defendant was incarcerated at FCI-Danbury in Danbury, Connecticut. (Doc. 39 at 7).

On September 27, 2024, defendant was charged by information with health care fraud, in violation of 18 U.S.C. § 1347, and bank fraud in violation of 18 U.S.C. § 1956(h). (Doc. 1). The government alleged that defendant's business, Cool Waters, LLC, submitted fraudulent Medicaid

claims for reimbursement. (Id. at 3). Cool Waters was a home care agency located in Harrisburg, PA, providing personal assistance and attendant care. (Id. at 2–3). The same day, the defendant entered into a plea agreement with the Government. (Doc. 3).

On October 15, 2024, defendant pled guilty to all charges. (Doc. 13). Mbaya was sentenced to 41 months of incarceration with three (3) years of supervised release. (Doc. 29 at 2–3). Additionally, defendant is subject to restitution payments to Medicaid providers and financial institutions. The amount exceeds $3,000,000. (Id. at 6).

After the defendant was sentenced, she filed three separate motions to modify her surrender date. (See Docs. 31, 33, 37). The first two extensions arose from the defendant's health issues and a pending state-court matter. (Docs. 32, 34). The third motion was granted due to the defendant's caretaking duties of her elderly mother. (Doc. 38). These motions extended the defendant's surrender date from March 28, 2025, to September 26, 2025. (Compare Doc. 29 at 2 with Doc. 38).

Mbaya filed the instant motion on February 20, 2026. (Doc. 39). She avers that her health while in prison has "significantly deteriorated due to inadequate medical care." (Doc. 39-1 ¶ 3). Specifically, defendant asserts that she is diagnosed with chronic rheumatoid arthritis, hypothyroidism,

hypoglycemia, asthma, and iron deficiency. Id. ¶ 9. With those conditions, defendant avers that she is prescribed an immunosuppressive and cytotoxic medication, further claiming it to be "extremely potent," therefore requiring "strict clinical supervision and laboratory monitoring." Id. Additionally, defendant's motion lists all prescribed medication. (Doc. 39-2 at 4). She asserts that she is currently prescribed methotrexate, folic acid, levothyroxine, and montelukast for treating her conditions. Id.

Defendants' motion also includes both formal and informal complaints made to FCI-Danbury. On December 3, 2025, defendant informally complained to FCI-Danbury regarding her medical care. (Doc. 39-5). She alleged that she attempted to contact care providers, but none responded. Id. The following day, an informal resolution attachment states that the issue was resolved by FCI-Danbury counselors by clarifying with Mbaya how to properly obtain medical assistance. Id.

On December 10, 2025, the defendant filed a request for administrative remedy. (Doc. 39-6). In that request, defendant states that she has made attempts to see a medical provider but did not receive a response. Id. Further, defendant claims she could not wait twenty days for a response "because [her] health and safety [were] at risk." Id. at 2. The

following day, the defendant underwent comprehensive metabolic, hepatic and renal function panels. (Doc. 39-12).

Defendant made additional complaints to FCI-Danbury. Specifically, defendant sent emails to health services requesting medical care. (Doc. 39-7). Additionally, on January 30, 2026, defendant filed an informal complaint alleging health and safety concerns. (Doc. 39-13). In the complaint, defendant alleged that the prison facility lacks basic necessities such as hot water, heat, and hygienic ventilation. Id. Defendant claimed that this environment exacerbates her medical conditions, placing her health at risk. Id. Defendant sent additional emails to prison staff, alleging similar violations. (Doc. 39-9).

According to the motion, defendant plans to return to her family in Harrisburg, Pennsylvania, if released. (Doc. 39-2 at 3). The defendant states that she will not have access to health insurance after release. Id. at 4. For care, defendant plans to either purchase health coverage or apply for Medicaid or Medicare, if necessary. Id. For employment, defendant indicates that she has no stable position available but would seek paralegal work. Id. at 3.

**Standard of Review**

A prisoner may file a motion for compassionate release after they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). The government concedes that defendant has exhausted her administrative rights. (Doc. 44 at 5).

Typically, "[t]he court may not modify a term of imprisonment once it has been imposed[.]" § 3582(c). A court, however, may "reduce the term of imprisonment (and may impose a term of probation or supervised release) . . . after considering the factors set forth in § 3553(a) . . . if it finds that": (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i); United States v. Andrews, 12 F.4th 255, 258 (3d Cir. 2021).

The Sentencing Commission adopted a policy statement regarding the reduction in a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A), effective November 1, 2023. This policy statement provides:

> Upon motion of the . . . defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term

> of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
>> (1)(A) extraordinary and compelling reasons warrant the reduction; . . .
>>
>> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>>
>> (3) The reduction is consistent with this policy statement.

USSG §1B1.13.

**Analysis**

Defendant argues that her medical conditions requiring specialized and monitored care are "extraordinary and compelling reasons" which warrant a reduction of her sentence. The court disagrees with that argument.

"[A] defendant seeking a reduction in [her] term of imprisonment bears the burden of establishing . . . that compelling and extraordinary reasons exist to justify compassionate release." United States v. Epstein, 14-287 (FLW), 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)); see also United States v. Singh, 525 F. Supp. 3d

543, 546 (M.D. Pa. 2021) ("The burden rests with the defendant to show that a reduction in sentence is proper.") (citation omitted)).

Section 3582 does not define "extraordinary and compelling." This allows courts to consult the Sentencing Commission's policy statements "to form a working definition" of the phrase. United States v. Stewart, 86 F.4th 532, 533 (3d. Cir. 2023) (citing Andrews, 12 F.4th at 260). The policy statement provides that "extraordinary and compelling reasons" exist in several situations, including various medical circumstances of the defendant. The applicable provision states the following:

> (b) Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
>
> (1) MEDICAL CIRCUMSTANCES OF THE DEFENDANT.
>
> (B) The defendant is—
>
> (i) suffering from a serious physical or medical condition,
>
> (ii) suffering from a serious functional or cognitive impairment, or
>
> (iii) experiencing deteriorating physical or mental health because of the aging process,
>
> (iv) that substantially diminishes the ability of the defendant to provide self-care within the environment of a

> correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

USSG §1B1.13(b)(1)(B)-(C).

Other district courts have determined that reducing a sentence due to medical circumstances "is reserved for rare cases in which a defendant has a life-threatening or debilitating condition, or a series of medical issues." United States v. Castelluzo, Crim No. 13-00560 (GC), 2025 WL 2169977, at *7 (D.N.J. July 31, 2025) (citing United States v. Manna, Crim No. 88-00239, 2025 WL 1122286, at *4–6 (D.N.J Apr. 16, 2025) (ruling that defendant's metastatic lung cancer and their inability to care for themselves were extraordinary and compelling reasons for compassionate release)).

## I. Medical Conditions

Here, the defendant has not shown that her medical conditions warrant compassionate release. Defendant's diagnoses include hypothyroidism, rheumatoid arthritis, iron deficiency, hypoglycemia, and asthma. (Doc. 39-1 ¶ 9). To manage these conditions, defendant is prescribed methotrexate, montelukast, levothyroxine, and folic acid. (Doc.

39-2 at 4). The listed medications were prescribed by a physician. Presumably, then, they are effective treatments to manage defendant's symptoms. (Doc. 39-2 at 10); see United States v. McMillan, No. 22-278, 2026 WL 165454, at *3 (E.D. Pa. Jan. 21, 2026) (ruling that the defendant's paraplegia, type 2 diabetes, iron deficiency anemia, neurogenic bladder, and other conditions were adequately treated while incarcerated.)

Defendant further claims to take "an extremely potent immunosuppressive and cytotoxic medication [which] requires strict clinical supervision and laboratory monitoring." (Doc. 39-1 ¶ 9). It is unclear which medication the defendant is referring to.

With respect to laboratory monitoring, defendant did receive comprehensive bloodwork the day following a request for treatment. (Doc. 39-12). The results did indicate that the defendant was outside the normal range in five tested metrics. Id. While the defendant's motion does list potential causes of these abnormalities, it is not supported by evidence from medical providers. Id. at 3. Taking these assertions as true, however, does not raise defendant's circumstances to an extraordinary or compelling level. Indeed, the filing itself states, "these results alone do not confirm a specific condition and must be interpreted in the context of your overall health and medical history." Id. Defendant is receiving treatment by the

BOP shortly after making requests for such treatment. Therefore, the defendant has not demonstrated that her medical conditions warrant compassionate release.

## II. Treatment by the Bureau of Prisons

Additionally, the defendants' motion does not establish that the BOP cannot provide adequate treatment. Specifically, the defendant asserts that, "[t]his facility lacks capacity to safely manage complex, chronic, and high-risk medical conditions such as [hers.]" (Doc. 39-3). But the court is convinced that rheumatoid arthritis, asthma, id. at 1, and defendant's other conditions are quite common such that BOP medical personnel would have familiarity with necessary treatment. Under the Sentencing Commission's policy statement, compassionate release may be granted if the defendant is suffering from conditions requiring specialized care that is not available by the prison facility. USSG §1B1.13(b)(1)(C).

District courts have granted compassionate release when the BOP cannot properly treat its inmates or does not timely address medical concerns. See United States v. Derentz, 608 F. Supp. 3d 189, 191–92 (E.D. Pa. Jun. 16, 2022) (granting compassionate release due to the BOP repeatedly failing to bring the defendant to eye specialists for treatment, worsening the status of defendants' vision).

While the medical records supplied by defendant inform the court of defendant's ongoing health problems, the documentation shows that she has timely received and continues to receive treatment by the BOP. (See Doc. 39-3). As noted above, on December 11, 2025, the day after requesting treatment, defendant underwent comprehensive bloodwork and laboratory testing. (Doc. 39-12). Additionally, defendant states that BOP medical staff offered to conduct bloodwork, but she rejected the treatment based on her own understanding of the field of medicine. (Doc. 39-3 at 2). Given that the defendant is actively treated by medical staff and prescribed medications, the defendant's circumstances are not extraordinary nor compelling to warrant compassionate release. See United States v. Candidi, Crim. No. 21-273, 2025 WL 417337, at *2 (E.D. Pa. Feb. 6, 2025) (finding that the defendant's diagnosed depression, anxiety, hypertension, gastrointestinal pain, arthritis, and other conditions did not warrant compassionate release due to effective medical treatment); United States v. Giron, 15 F.4th 1343, 1346 (11th Cir. 2021) (affirming similarly for "high cholesterol, high blood pressure, and coronary artery disease"). Further, the court has reviewed defendant's medical records, filed under seal by the government, and is satisfied that BOP medical personnel are taking defendant's care seriously, are equipped to handle her conditions, and are

committed to her continued treatment. Accordingly, the request for a reduced sentence due to "extraordinary and compelling" medical reasons will be denied.

Because defendant has not presented an extraordinary and compelling reason for release, the court need not consider the sentencing factors at 18 U.S.C. § 3553(a). Stewart, 86 F.4th at 533 ("Under 18 U.S.C. § 3582(c)(1)(A) . . . district courts may reduce a term of imprisonment when warranted by extraordinary and compelling reasons. If a court finds those reasons exist, it then turns to the sentencing factors in 18 U.S.C. § 3553(a) to determine whether compassionate release is appropriate." (citations omitted)).

**Conclusion**

Courts are not clinicians. They must, however, upon motion, assess whether an inmate is receiving adequate care and if their circumstances warrant early release. Here, defendant's diagnoses are being treated by BOP medical staff, who are capable of treating such conditions. For the reasons set forth above, defendant's motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), (Doc. 39), will be denied. Defendant's motion to expedite and deem her motion for compassionate

release unopposed, (Doc. 42), will also be denied. An appropriate order follows.

DATE: 9/2/26

**JUDGE JULIA K. MUNLEY**
**United States District Court**